United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | § § § | |
| v. | § | CRIMINAL ACTION NO. 4:13-CR-691-4 |
| CARLOS WYDLER, *Defendant*. | § § § § | |

## ORDER

Before the Court is Defendant Carlos Wydler's ("Wydler") Petition and Memorandum in Support of Petition for Relief under the First Step Act of 2018. (Doc. No. 419). The Government has filed a response in opposition, which included Wydler's relevant medical records. (Doc. No. 422). The Government does not claim that Wydler has failed to exhaust his administrative remedies. In fact, it attached a denial of his request for relief. (Doc. No. 422-1 at 4). Consequently, this Court will proceed on the merits of the motion.

I.   **Background**

Wydler and several co-conspirators participated in an extensive bank fraud scheme. On March 7, 2017, Wydler was found guilty to all counts of a 23-count indictment which consisted of multiple counts of bank fraud, conspiracy to commit credit fraud, false statements to obtain credit, wire fraud, and aiding and abetting misappropriation. While his sentencing guideline range was up to 235 months, the Court downwardly departed and sentenced him to 84 months on each count to run concurrently.

Wydler claims he has now served approximately 60% of his 7-year sentence. With good time credit, he is currently scheduled for release on February 17, 2023. His motion for compassionate release is based on: 1) his assertion that he is at a higher risk from the COVID-19

virus and that his continued incarceration is against public policy and 2) that he is not likely to reoffend.

With regard to his second ground, Wydler contends that he has served 60% of his sentence and that his release date is just 20 months away. He argues that he has satisfied any and all of the factors one might expect from a model prisoner and that he has already received whatever benefits one might draw from being incarcerated. While Wydler makes a cogent argument, the Court notes that the First Step Act was not enacted to be a vehicle to allow courts to order the release of inmates who are either unhappy with the sentence they received or who, in their own estimation, have successfully checked all of the § 3553(a) boxes. If that were true, every inmate would claim eligibility.

The COVID-related allegation in Wydler's motion is that the Court needs to consider the dangers of COVID-19, especially to an inmate population, and especially as it affects an inmate with his health history. Wydler has been diagnosed with a mildly hyperinflated lung with a faint 7 mm nodular density over the right lower lung. He equates this to be latent tuberculosis; however, his medical records include his denial of exposure to tuberculosis, and they include no definitive diagnosis of tuberculosis. Regardless of whether the density actually represents tuberculosis, remnants of some prior bout of tuberculosis, or some other problem, diminished lung capacity is clearly an important comorbidity with regard to COVID-19.

Wydler is currently housed at the Beaumont Low FCI facility. The current published statistics for the Beaumont Low facility (as of August 16, 2021) indicate that there are four active cases of COVID-19 among the staff members and inmates (out of a total inmate population of nearly 2,000). There has been one death at Beaumont Low over the length of the pandemic. All staff members and virtually all of the inmate population at Beaumont Low have

2

now been inoculated against COVID-19.[1] The inoculation program is ongoing. The protective measures instituted at Beaumont Low are clearly having an effect, because the number of active COVID-19 cases at the facility have dwindled significantly. Importantly, Wydler has refused to be vaccinated against COVID-19.

Wydler argues that he is unusually susceptible to COVID-19 due to his lung condition. The record demonstrates that Wydler is 50 years old and that, when combined with a potential pulmonary condition, puts him statistically at a higher risk for severe problems should he contract the COVID-19 virus. The Court also agrees that advanced age and lung problems are both characteristics that have increased the severity of COVID-19, should one contract it. While the CDC has indicated that being in the 50-year-old age bracket makes one more susceptible, its statistics were based upon a population that was not vaccinated.

The Court assumes for purposes of this motion that this undiagnosed lung condition would be recognized by the CDC as a comorbidity for the COVID-19 virus. Being over 50 and having a lung condition would increase the chances of serious side effects requiring hospitalization.[2] Despite his alleged concern that these conditions increase his risks, Wydler nonetheless refused the COVID-19 vaccine and even refused to sign the form declining the vaccination. The Government contends that such a stance (without further elaboration) at the very least undermines, or at least casts doubt upon, the main point of Wydler's motion and its position is hard to dispute. Nevertheless, virtually all of the individuals at his current facility have been vaccinated (according to all governmental information sources) so his chances of contracting COVID-19 are therefore minimal.

---

[1] *See* Bureau of Prisons (2021). COVID-19 Vaccine Implementation. https://www.bop.gov/coronavirus/
[2] *See* Centers for Disease Control and Prevention (2021). COVID-19 and People with Certain Medical Conditions. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

3

## II. Discussion

Section 3582(c)(1)(A)(ii) requires any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The Government has argued that the policy statement allows a reduction for "extraordinary and compelling reasons," only if the reasons are "consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A), (3) (U.S. SENTENCING COMM'N 2018). Application Note 1 explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below." *Id.* § 1B1.13 cmt. n.1. These circumstances are: (a) suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) being at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and having "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.* § 1B1.13 cmt. n.1. Wydler does not fall within the auspices of subsection (a)-(c), so the only basis of his claim can be subsection (d), which only applies if extraordinary and compelling circumstances exist.

In the past, courts have differed on whether Application Note 1 applied to the consideration of prisoner motions by district courts after Congress passed the First Step Act. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("U.S.S.G. §

4

1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."), *with United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (the district court did not err by considering § 1B1.13 commentary when determining whether an "extraordinary and compelling reason" existed that warranted a sentence reduction).

The Fifth Circuit has now put this debate to rest by holding that district courts are not bound by either the policy statement or the commentary when addressing a prisoner's motion under § 3582. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A district court is only bound by § 3582(C)(1) and § 3553(a). *Id.* Consequently, the Court will analyze this motion using those constraints. The Court, however, points out that if a prisoner moves for relief under § 3582(c)(1) as Hernandez has, and if he does not qualify under § 3582(c)(1)(A)(ii), then he must still provide extraordinary and compelling reasons that warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Thus, in Wydler's case, the standard for compassionate leave is "extraordinary and compelling." *Id.* Congress does not define extraordinary and compelling and neither has the Sentencing Commission since the passage of the First Step Act.

In the instant case, Wydler is 50 years old and he does not voice any specific health complaints that are not being treated by the BOP doctors. While his age, and perhaps his pulmonary status, increase the risk of severe health problems if he is infected with COVID-19, the BOP has taken remarkable strides in protecting prisoners. Moreover, the vaccination program makes it less likely that COVID-19 will present a problem to him within the next 20 months. The most pressing problem suggested by the evidence is his own refusal to take the vaccine. This fact certainly casts doubt over the credibility of Wydler's motion. Moreover, one could argue that he is actually trying to create the very condition about which he complains.

The real legal question is whether this combination of facts equates to an "extraordinary and compelling" reason for compassionate release. The Court finds they do not. Based upon the evidence provided, the Court finds there are no extraordinary or compelling circumstances, especially when compared to any other inmate, to release him at this time.

### III. Conclusion

The Court denies Wydler's Petition and Memorandum in Support of Petition for Relief under the First Step Act of 2018. (Doc. No. 419).

SIGNED at Houston, Texas this 17th day of August, 2021.

Andrew S. Hanen
United States District Judge